UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JANICE CARRINGTON,

                Appellant,

        v.

MICHAEL J. KASEN, DAVID A. KASEN,
JENNY R. KASEN, KASEN & KASEN P.C., and
FRANCINE S. KASEN,

                Appellees.

25-CV-1628 (RA)

ORDER

---

RONNIE ABRAMS, United States District Judge:

      Janice Carrington ("Appellant") filed this appeal from the order entered into the Office of the County Clerk of the Supreme Court, New York County, dated January 14, 2025. *See* Dkt. No. 1. The Clerk of the Bankruptcy Court has informed this Court that Appellant has failed to pay the requisite filing fee with the Bankruptcy Court or to seek *in forma pauperis* status. Appellant has further failed to file and serve on Appellee a "designation of the items to be included in the record on appeal and a statement of the issues to be presented." Fed. Rule of Bankr. P. § 8009(a).

      Parties commencing a civil action in the district court are required to pay a filing fee. *See* 28 U.S.C. § 1914(a); *Michalek v. Ring*, No. 96-5139, 1997 WL 738556, at *1 (2d Cir. Nov. 21, 1997). A court can waive the pre-payment of fees in certain circumstances for a person who submits an affidavit stating, among other things, that she "is unable to pay such fees or give security" and allow her to proceed *in forma pauperis*. 28 U.S.C. § 1915(a)(1). Appellant here has neither paid the requisite filing fee for her appeal from the state court's order nor sought to proceed *in forma pauperis*. *See generally Smith v. Nagle House, Inc.*, No. 5-CV-5129, 2005 WL 1773765 (S.D.N.Y. July 25, 2005).

Furthermore, under Bankruptcy Rule 8009(a)(1), appellants are required to "serve and file a brief within 15 days after entry of the appeal on the docket." An "appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court or bankruptcy appellate panel deems appropriate, which may include dismissal of the appeal." Fed. R. Bankr. P. § 8001(a); *In re Spiegel, Inc.* 385 B.R. 35, 38 (S.D.N.Y. 2008). Although the time limits imposed by Rule 8001 are not jurisdictional, the district court can "exercise discretion to determine whether dismissal is appropriate in the circumstances." *Id.* Since there is nothing available in the record, as it stands now, to evaluate the appeal, and for the reasons stated above, the Court dismisses the appeal, albeit without prejudice. Accordingly, it is hereby:

ORDERED that the appeal of Janice Carrington is dismissed without prejudice. The Appellant is ordered to either pay the requisite filing fee or to seek *in forma pauperis* status to return the appeal to the Court's docket. Should Appellant fail to either pay the fee or move for such status within thirty (30) days of the entry of this Order, the matter shall be deemed dismissed with prejudice for failure to prosecute. If Appellant does pay the filing fee or seek *in forma pauperis* status, she must further comply with Bankruptcy Rule 8009(a)(1) and serve and file a brief on the docket within fifteen days of either action.

The Clerk of Court is directed to close this case, subject to its being reopened as provided for herein, and is respectfully directed to mail a copy of this Order to Appellant.

SO ORDERED.

Dated: September 24, 2025
New York, New York

_____
Ronnie Abrams
United States District Judge