# JANICE CARRINGTON

October 23, 2025

Via Email to: Pro Se@NYSD.US.GOV

To: The Honorable Ronnie Abrams
District Judge, United States District Court
Southern District of New York

Re: Case No.: 25-CV-1635 (RA)
    Appeal Requirements

> Application granted. Appellant is hereby ordered to either pay the requisite filing fee or seek *in forma pauperis* status by November 14, 2025. The Clerk of Court is respectfully directed to re-open the case docketed as 25-CV-1628.
>
> SO ORDERED.
>
> _____
> Hon. Ronnie Abrams
> October 27, 2025

Dear Judge Abrams:

May I respectfully request an extension to the deadline for the additional requirements for the Appeal filed in the above-referenced case?

Unfortunately the mail here in Valley Forge, PA, which goes into Valley Forge post office boxes, rather than delivered directly, is often mis-delivered into wrong post office boxes.

The appeal refers to Case: 654551/2024, annexed herewith: Janice Carrington vs. Kasen & Kasen P.C., Michael J. Kasen, David A. Kasen, Jenny R. Kasen and Francine S. Kasen.

In the interest of due process, kindly allow me just a brief extension to meet the requirements and pay any additional fees in the appropriate manner sent from Valley Forge to New York.

Thank you.

Respectfully,

/Janice Carrington/

Janice Carrington
610.783.7377

Post Office Box   358                                        Valley Forge, PA  19481

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------------------X

| | |
|---|---|
| JANICE CARRINGTON, : | |
|         Plaintiff  : | Index No.: |
| : | |
| - against - : | **SUMMONS** |
| : | |
| KASEN & KASEN P.C., MICHAEL J. KASEN, : | |
| DAVID A. KASEN, JENNY R. KASEN, and : | |
| FRANCINE S. KASEN : | |
| : | |
|         Defendants : | |

------------------------------------------------------------------------X

TO THE PERSONS NAMED AS DEFENDANTS ABOVE:

    PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED TO ANSWER the complaint of the plaintiff herein, and to serve a copy of your answer on the plaintiff at the address indicated below, within 20 days after the service of this Summons (not counting the day of service itself) or within 30 days after service is complete if the Summons is not delivered personally to you within the State of New York.

    YOU ARE HEREBY NOTIFIED THAT should you fail to answer, a judgment will be entered against you by default for the relief demanded in the complaint.


DATED: July 31, 2024
       New York, New York

                                            By: /s/ Janice Carrington
                                                  Janice Carrington
                                                  500 Freedom View Lane
                                                  P.O. Box 358
                                                  Valley Forge, PA 19481

                                                  *Plaintiff Pro Se*

Plaintiff designates New York County as the place of trial. The basis for this is that this designation is one of the Defendants Kasen & Kasen P.C.'s, Michael J. Kasen's, David A. Kasen's, Jenny R. Kasen's and Francine S. Kasen's places of business.

However, based upon information and belief, Kasen & Kasen, P.C. a self-described "boutique" firm has multiple offices and residences nationally, including, but not necessarily limited to the addresses below:

As such, the place of the trial may be any of the location Kasen & Kasen lists below:

Kasen & Kasen P.C.. 909 Bustleton Ave., Philadelphia, PA 19152. Phone: (215) 923-1665

Kasen & Kasen P.C., 1874 Marlton Pike East Cherry Hill, NJ 08003, Phone (856) 424-4144

Kasen & Kasen. P.C , 1000 N. West Street, Ste. 200, Wilmington, DE 19801 (302) 652-3300

Kasen & Kasen: P.C. 201 South Biscayne Blvd., Ste. 2800, Miami, FL 33131 (856) 424-4144

Kasen & Kasen P.C.: 151 West 46th Street, 4th Floor, New York, NY 10036 (646) 216-3108

Kasen & Kasen, P.C.. 115 Broadway, 5th Floor New York, NY 10006 (646) 397-6226

Kasen & Kasen P.C., 151 West 46th Street, 4th Floor New York, NY 10036 (646) 215 3108

Kasen & Kasen, P.C. 25 Broadway. Floor 9. New York, NY 10004. (646) 397-6226

FILED: NEW YORK COUNTY CLERK 07/31/2024 10:34 PM
NYSCEF DOC. NO. 1
INDEX NO. 654551/2024
RECEIVED NYSCEF: 09/04/2024

Case 1:25-cv-01628-RA    Document 3    Filed 10/27/25    Page 3 of 20

2 of 19

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------------------X

| | |
|---|---|
| JANICE CARRINGTON, | : |
|               Plaintiff | :    Index No.: |
| | : |
|   - against - | :    **COMPLAINT** |
| | : |
| KASEN & KASEN P.C., MICHAEL J. KASEN, | : |
| DAVID A. KASEN, JENNY R. KASEN, and | : |
| FRANCINE S. KASEN | : |
| | : |
|               Defendants | : |

------------------------------------------------------------------------X

<u>**J**URY **T**RIAL **D**EMANDED</u>

## VERIFIED COMPLAINT

Plaintiff, Janice Carrington, for her Complaint against Defendants, Kasen & Kasen P.C., Michael J. Kasen, David A. Kasen, Jenny R. Kasen and Francine S. Kasen, each individually, respectfully shows and alleges as follows:

## FACTUAL BACKGROUND

1. Based upon the Defendants' professed experience with Individual Chapter 11 Bankruptcy and expressed interest in Plaintiff's case with all the detailed and documented information she provided, Plaintiff trusted that Defendants would act honorably and ethically with respect to her case as well as respect for their Oaths to uphold the New York Rules of Professional Conduct.

2. In stark contrast to their promises to uphold the highest ethical standards as officers of the court, the Defendants conducted themselves with utter disregard for their client and utter disregard and disrespect for the New York State Bar Association as well as the American Bar of Association's Rules of Professional Conduct.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST KASEN & KASEN, P.C., AND MICHAEL J. KASEN, DAVID A. KASEN, JENNY R. KASEN, and FRANCINE S. KASEN, EACH INDIVIDUALLY

### NEGLIGENCE

3. Plaintiff repeats and realleges the allegations in Paragraphs 1 through 2 above as if fully set forth herein.

4. Defendants missed multiple hearings and deadlines in Plaintiff's case.

5. The Defendants were negligent, disinterested and distracted throughout the entire handling of Plaintiff's case. Despite the fact that Plaintiff emailed to the Defendants detailed payment information and other particulars regarding the alleged claims,

Defendants asked the Plaintiff several times for the same information. Moreover in many instances the Defendants neither applied the Plaintiff's payments to the alleged claims nor notified the claimants of the discrepancies, false amounts in their claims and paid claims, including inter alia, several paid American Express claims, nor even demanded that creditor's claims be adjusted or withdrawn.

6. Plaintiff has been severely harmed by Defendants' Negligence and Legal Malpractice in an amount to be determined at trial, but which is reasonably believed to be in the millions of dollars.

# AS AND FOR A SECOND CAUSE OF ACTION AGAINST KASEN & KASEN, P.C., AND MICHAEL J. KASEN, DAVID A. KASEN, JENNY R. KASEN, and FRANCINE S. KASEN, EACH INDIVIDUALLY

**FRAUDULENT INDUCEMENT**
**BREACH OF CONRACT**
**INCONPETENCE**

7. Plaintiff repeats and realleges the allegations in Paragraphs 1 through 6 above as if fully set forth herein.

8. In stark contrast to their verbal and written promises, the Defendants failed to exercise the degree of care, ordinary skills and knowledge commonly possessed by ordinary attorneys in their field of practice.

9. The Defendants departed from good and accepted practice in their failing to take actions that they promised to take and also failing to advise the Plaintiff that they did had not perform the

work which they were paid and retained to perform. The Defendants' incompetence, negligence and breach of contract included, inter alia their failures to submit and upload the Plaintiff's Monthly Operating Reports, in a timely manner-- or at all, until the Plaintiff noticed on PACER that her Monthly Reports were not on her docket and she called and/or emailed the Defendants to upload them.. The Defendants' failures, incompetence and negligence reflected very poorly on her case, and are the proximate cause of the severe losses and diminution of Plaintiff's assets and property which continue to today.

10. Plaintiff has been severely harmed by Defendants' fraudulent inducement, incompetence and breach of contract in an amount to be determined at trial, but which is reasonably believed to be in the millions of dollars.

**AS AND FOR A THIRD CAUSE OF ACTION AGAINST KASEN & KASEN, P.C., AND MICHAEL J. KASEN, DAVID A. KASEN, JENNY R. KASEN, and FRANCINE S. KASEN, EACH INDIVIDUALLY**

**DEFENDANTS' FAILURE TO FOLLOW INSTRUCTIONS**
**LEGAL MALPRACTICE**
**FAILURE TO KNOW AND APPLY THE LAW**
**BREACH OF FIDUCIARY DUTY**

11. Plaintiff repeats and realleges the allegations in Paragraphs 1 through 10 above as if fully set forth herein.

12. In advance of the hearing, as well as several times prior to the hearing and indeed during the hearing with CitiBank/SPS, the mortgage company for Plaintiff's 524 East

72nd Street, 31F, New York apartment, regarding objections to their claims, Plaintiff sent several emails of her detailed payment information to Defendants, listing debits from bank account, cancelled checks, double payments and printouts and instructing Defendants to object to their claims.

13. Yet despite their client's, the Plaintiff's documented information, payment details and clear instructions to object to Citibank's two claims, the Defendants, in stark contrast to Plaintiff's instructions, chose to withdraw the Plaintiff's objections. Even as Judge Beckerman suggested that the Defendants take the opportunity to allow for amending the objections if necessary, the Defendants told the Court to withdraw the objections to Citibank's claims deliberately creating more losses for the Plaintiff.

14. Plaintiff has been severely harmed by Defendants' failure to follow Plaintiff's instructions, their legal malpractice and their breach of fiduciary duty, in an amount to be determined at trial, but which is reasonably believed to be in the millions of dollars.

**AS AND FOR A FOURTH CAUSE OF ACTION AGAINST KASEN & KASEN, P.C., AND MICHAEL J. KASEN, DAVID A. KASEN, JENNY R. KASEN, and FRANCINE S. KASEN, EACH INDIVIDUALLY**

**D**EFENDANTS' **M**ISSED **H**EARINGS AND **D**EADLINES

**L**ACK OF **D**ILIGENCE

**U**TTER AND **W**ANTON **C**ARELESSNESS

**B**REACH OF **C**ONTRACT

**F**AILURE TO **C**OMPETENTLY **R**EPRESENT **C**LIENT

15. Plaintiff repeats and realleges the allegations in Paragraphs 1 through 14 above as if fully set forth herein.

16. The Defendants missed deadlines and hearings, including, inter alia, for filing objections to Michael Moskowitz's fees and Laura Patt/Vernon "Consulting" Fees and appearing at the hearings. Filing such objections and appearance at the hearings were a crucial part of the Plaintiff's hiring the Defendants, which had been discussed in detail with the Defendants with documentation prior to their retention.. Yet the Defendants not only failed to meet the deadlines, the Defendants also failed to tell Plaintiff that they had missed the deadlines. When the Plaintiff saw on PACER that the Defendants had missed the objections and hearings deadlines, she contacted the Defendants. Shockingly, the Defendants cavalierly admitted they missed the deadlines, but neither apologized nor made any effort to reschedule the objections and hearings or to correct their gross negligence. Moreover, when Plaintiff asked the Defendants to obtain a transcript from the hearing, the Defendants adamantly refused.

17. Plaintiff has been severely harmed by Defendants' missed hearings and deadlines, lack of diligence to her case, wanton carelessness, legal malpractice, breach of contract and complete and utter failure to competently represent her, in an amount to be determined at trial, but which is reasonably believed to be in the millions of dollars.

# # # # # # # # # # # # # # #

**AS AND FOR A FIFTH CAUSE OF ACTION AGAINST KASEN & KASEN, P.C., AND MICHAEL J. KASEN, DAVID A. KASEN, JENNY R. KASEN, and FRANCINE S. KASEN, EACH INDIVIDUALLY**

## **INTIMIDATING, VEXING, THREATENING**
## **FRAUDULENT CONCEALMENT**
## **MALICIOUS COERCION**

18. Plaintiff repeats and realleges the allegations in Paragraphs 1 through 17 above as if fully set forth herein,.

19. In or around March, 2021, Plaintiff was planning to re-rent her Apartment - 200 E 69th St., 19B, NY - which Plaintiff had completely renovated and which was exquisite, perfect and positively pristine. Plaintiff had rented 19B by herself several times for many, many years either directly with the new tenant or with a New York co-broker. Plaintiff also had prepared all the brochures, advertising, and paperwork including the lease and substantial condo board documents. However the Defendants **insisted** that Plaintiff give the exclusive listing to rent Plaintiff's apartment to Reba Miller, as they stated she was the self-proclaimed "Billion Dollar Broker." As Plaintiff did not know Reba Miller and had worked successfully with a number of other New York brokers as co-brokers, not exclusive brokers, Plaintiff was reluctant to give an exclusive listing to someone she did not know.

20. As Plaintiff resisted giving such an exclusive to an unknown broker, the Defendants resorted to intimidating the Plaintiff with threats that it was imperative for her to give the exclusive to Reba Miller for her case to succeed and to show that she "was serious about renting the apartment" to show rental income and further stated unequivocally that without that, the Plaintiff's case would be converted to Chapter 7.

21. The Plaintiff, while admittedly befuddled by the Defendants' insistence and intimidation, their other failures notwithstanding, Plaintiff still wanted to believe that her attorneys had some degree of integrity and good intentions to competently represent her.

22. In or around April, 2021, the Defendants prepared extensive documents for Reba Miller's exclusive rental of the Plaintiff's apartment. They also prepared and exclusive sale agreement without the Plaintiff's prior permission.

23. Wanting to believe the Defendants and Miller were acting in good faith and to assist in a speedy rental, Plaintiff signed their documents and also provided professional photography, copy, brochures and other details about 19B's complete renovation of the perfectly appointed kitchen, the gorgeous solid teak floors with two precisely-placed sub-floors, the custom Hunter Douglas window treatments and other details to assist in the speedy rental.

24. After the Plaintiff gave Reba Miller access to her apartment and not having heard back from her for some time, she contacted Michael Kasen who then sheepishly told her that Reba Miller _loved_ the Plaintiff's 19B apartment and Miller wanted to buy the apartment for herself. **Michael Kasen asked Plaintiff to lower the price as it was "out of Reba Miller's price range."** Michael Kasen then added "*Now I have to figure who to work for*." Plaintiff found this curious, as she did not want to sell 19B, which was listed at around $2,500,000, and which was frankly the Plaintiff's "nest egg." But rather she had to trust Kasen and Miller to find a tenant for rental income which would have been sufficient income to move her case forward. The fact that Reba Miller wanted to buy an apartment

that was listed at about $2,500,000 became even more curious as the Plaintiff uncovered the Defendants' deep deceit and collusion.

25. Plaintiff has been severely harmed by Defendants' intimidating,, vexing and threatening behaviors, their fraudulent concealment and malicious coercion in an amount to be determined at trial, but which is reasonably believed to be in the millions of dollars.

### AS AND FOR A SIXTH CAUSE OF ACTION AGAINST KASEN & KASEN, P.C., AND MICHAEL J. KASEN, DAVID A. KASEN, JENNY R. KASEN, and FRANCINE S. KASEN, EACH INDIVIDUALLY

**CONFLICT OF INTEREST**
**DELIBERATE DECEIT**
**COLLUSION**
**THEFT BY DECEPTION**
**CONSPIRACY**
**MALICIOUS MALPRACTICE**

26. Plaintiff repeats and realleges the allegations in Paragraphs 1 through 25 above as if fully set forth herein.

27. As months and seasons flew by following the signing of the exclusive Reba Miller agreements coerced by the Defendants, Plaintiff checked the main websites for New York real estate listing, OLR, StreetEasy, Zillow and was shocked to find none of her listings.

28. Whereupon Plaintiff contacted Reba Miller and asked why her apartment was not listed.

29. Miller's reply was that she "was waiting for the Court approval to be hired as the broker."

30. Plaintiff then call Michael Kasen who told the Plaintiff an outright lie, "Yes, Miller is approved by the Court."

31. Reba Miller was never approved by the Court. Nor would she be.

32. While the Defendants had prepared all the extensive rental and sale exclusive broker documents, for which they billed the Plaintiff, they deliberately never scheduled the hearing for the broker's approval by the Court, knowing that Miller would never be approved by the Court.

33. The Defendants deliberately deceived the Plaintiff by keeping her apartment off the market for six months, maliciously depriving her of rental income causing grave financial harm.

34. At the outset the Plaintiff had even offered to co-broke the rental with Miller, with all the Plaintiff's real estate and broker contacts and to advertise it without taking any commission from Miller. Miller and the Defendants became absolutely furious at that suggestion and even when Plaintiff insisted on reading and approving the copy for her listing.

35. Plaintiff has been severely harmed by Defendants' conflict of interest, deliberate deceit, collusion, theft by deception, conspiracy and malicious malpractice in an amount to be determined at trial, but which is reasonably believed to be in the millions of dollars.

**AS AND FOR A SEVENTH CAUSE OF ACTION AGAINST KASEN & KASEN, P.C., AND MICHAEL J. KASEN, DAVID A. KASEN, JENNY R. KASEN, and FRANCINE S. KASEN, EACH INDIVIDUALLY**

**DESTRUCTION OF PLAINTIFF'S REAL PROPERTY**

NYSCEF DOC. NO. 1

INDEX NO. 654551/2024
RECEIVED NYSCEF: 09/04/2024

Case 1:25-cv-01628-RA   Document 3   Filed 10/27/25   Page 14 of 20

36. Plaintiff repeats and realleges the allegations in Paragraphs 1 through 34 above as if fully set forth herein.

37. Plaintiff's 200 East 69th Street, 19B, NY home was absolutely perfect and pristine. Plaintiff had worked very hard and at great personal expense for several years to custom design 19B into the gorgeous home that it was.

38. Hence the fact that no rental offers had been presented to the Plaintiff after allegedly listing it for months, particularly given the fact that the Defendants' coercion to hire Miller to benefit the Plaintiff's case, Plaintiff became curious and sent an individual to "clean" the apartment, actually to check on it.

39. The Plaintiff's home had been deliberately destroyed with severely, deeply scratched teak floors, broken, twisted custom Hunter Douglas window treatments tied in knots above completely opened windows with rain pouring in onto the gorgeous teak floors and down the walls, bathroom tiles filthy and severely scratched.

40. Miller was neither concerned nor apologetic about what she and her associates had done.

41. The Defendants were absolutely cavalier about the destruction, neither took responsibility for insisting on Miller nor offered to correct and pay for the damages and repairs.

42. Moreover the Defendants response or rather non-response to detailed destruction of his client's gorgeous home was one of complicity.

43. In the effort to preserve her 19B, and still (as naively as this sounds…) to preserve whatever was left, however scantily, of the Plaintiff's relationship with the Defendants and Miller, the Plaintiff reached out Miller to remind her not to open the windows, which Plaintiff had told her initially and to every broker who ever previewed or showed her apartments, which reply from every professional was, "Of course we never open the windows."

44. Plaintiff then reached out to one of Miller's "associates" and told them the same thing. "Never open the windows," which for some reason was met with a great deal of reluctance.

45. Plaintiff contacted the front desk of the condo asked if when free, someone could check on 19B to see if the windows were closed.

46. Indeed, they were wide open again, Hunter Douglas custom shade tied into knots above windows, with the rain pouring, down the wall and onto the teak floors. Unbelievable.

47. And it gets better… Plaintiff contacted the front desk and asked that they make a sign that says, "Do Not Open the Windows." And place it in front of the windows. Do you think that actually stopped the windows from being opened?

48. The answer is… "NO"

49. The Kasens and Miller seemed determined to destroy the Plaintiff's gorgeous home. Why? Perhaps to make it more affordable and within Miller's price range? The case unfurls.

50. With all the months that the Plaintiff's gorgeous home sat on the market during the prime spring, summer and early fall months, due to the Kasens and the Millers calculated, malicious deceit and was now considered a "stale" listing. Added to that the deliberate destruction of her gorgeous home, again due to the Kasens and Miller cost the Plaintiff at least one million dollars and the losses continue.

51. The Plaintiff has been severely harmed by Defendants' complicity with destruction of his client's, the Plaintiff's, beautiful home in an amount to be determined at trial, but which is reasonably believed to be in the millions of dollars.

## AS AND FOR AN EIGHTH CAUSE OF ACTION AGAINST KASEN & KASEN, P.C., AND MICHAEL J. KASEN, DAVID A. KASEN, JENNY R. KASEN, and FRANCINE S. KASEN, EACH INDIVIDUALLY

### FRAUD
### DUPLICITY
### COLLUSION
### THEFT BY DECEPTION
### BREACH OF FIDICIARY DUTY

52. Plaintiff repeats and realleges the allegations in Paragraphs 1 through 51 above as if fully set forth herein.

53. After about 6 months of major loss of income following the calculated coercion by the Defendants for the Plaintiff to hire Miller, no Court Approval due to Defendants' deliberately not scheduling the hearing for Court Approval, the Defendants' malicious deceit, deception and destruction of Plaintiff's home, Plaintiff did some research and

learned that the Defendants were contemporaneously representing Reba Miller, the self-proclaimed "Billion Dollar Broker", in her massive Chapter 7 Bankruptcy case, U.S.B.C, SDNY Case No. 21-10230, aggressively helping her to avoid paying millions of debts she owed. The Defendants were also contemporaneously representing Reba Miller in U.S.B.C, SDNY U.S.B.C., SDNY Adversary Proceeding Case No. 21-01123.

54. Nor would the Court approve Reba Miller based on Reba Miller's Chapter 7 Bankruptcy filings, U.S.B.C, SDNY Case No. 21-10230, and U.S.B.C., SDNY Adversary Proceeding Case No. 21-01123, filed by her landlord for Reba Miller's failure and refusal to pay rent on her $12,000/ month apartment as soon as the COVID opportunity to refuse to pay rent presented itself for 18 months (the maximum allowable) as well as several claims, including, inter alia, at least $500,000 in advances on future commissions. The Defendants actively representing Miller beginning in or around early 2021, around the same time they were allegedly representing the Plaintiff Carrington.

55. Defendants never disclosed this to Plaintiff Carrington. Nor would Plaintiff Carrington ever have hired someone like Reba Miller. Nor would Plaintiff Carrington ever have retained a law firm with Defendants who have total disregard for the Rules of Professional Conduct, not to mention no regard for Ethics, Professional or otherwise to the point of defrauding one client to benefit their other client and themselves.

56. The Plaintiff has been severely harmed by Defendants' fraud, duplicity, collusion, theft by deception and blatant breach of fiduciary duty in an amount to be determined at trial, but which is reasonably believed to be in the millions of dollars.

## AS AND FOR A NINTH CAUSE OF ACTION AGAINST KASEN & KASEN, P.C., AND MICHAEL J. KASEN, DAVID A. KASEN, JENNY R. KASEN, and FRANCINE S. KASEN, EACH INDIVIDUALLY

### THEFT BY FRAUD

57. Plaintiff repeats and realleges the allegations in Paragraphs 1 through 56 above as if fully set forth herein.

58. After all the delays in not renting 19B, and unbeknownst to US Trustee, Gary Zipes, the reason for such unnecessary delays NOT caused by Plaintiff, in October, 2021, the Chapter 11 Trustee advised the Plaintiff to immediately sell the apartment 19B to pay bills or he would immediately file a motion to convert the Chapter 11 bankruptcy case to Chapter 7. And not just to have a buyer lined up or a sale agreement, but to have the closing before the end of the year.

59. Therefore after all the delays, duplicity, deceit, damage and defrauding by the Defendants, Plaintiff had to sell her prized 19B apartment for $1,500,000 on December 14, 2021, about $1,000,000 less than the original price.

60. The Plaintiff has been severely harmed by Defendants' duplicity, deceit and fraud in an amount to be determined at trial, but which is reasonably believed to be in the millions of dollars.

## AS AND FOR A TENTH CAUSE OF ACTION AGAINST KASEN & KASEN, P.C., AND MICHAEL J. KASEN, DAVID A. KASEN, JENNY R. KASEN, and FRANCINE S. KASEN, EACH INDIVIDUALLY

### LIBEL
### DEFAMATION

61. Plaintiff repeats and realleges the allegations in Paragraphs 1 through 60 above as if fully set forth herein.

62. When the Defendants realized that the Plaintiff recognized their fraudulent schemes, they withdrew from her case. But rather than admitting their complete and utter misconduct they slandered the Plaintiff with libel and defamation.

63. Plaintiff has been maliciously harmed by the Defendants' vile libel and defamation in an amount to be determined at trial but is reasonably believed to be not less than $25,000,000.

WHEREFORE, Plaintiff prays that the State of New York Supreme Court grant the following reliefs sought, including but not limited to:

1. A Judgment granting compensatory damages in the amount of not less than Two Million Five Hundred Thousand Dollars ($2,500,000.00) each of the First Nine Causes of Actions; and a Judgment granting compensatory damages in the amount of not less than Twenty-Five Million Dollars ($25,000.000.00) for the Tenth Cause of Action above.

2. A judgment granting consequential punitive damages in the amount of not less than Twenty-Five Million Dollars ($25,000,000.00) against the Defendants for their egregious violations of the New York Lawyer's Code of Professional Responsibility and .resultant damages, grave emotional distress, severe financial and property losses that the Defendants created and still create for the Plaintiff.

3. A judgment granting any all subsequent expenses, attorney fees and costs, and all court fees and costs, any and all disbursements, expenses and expert witness fees

related to the Defendant's actions and the filing of this Malpractice Claim and Litigation Costs of such, and

4. For such other and further relief as this court may deem just and proper.

Date: July 31, 2024

Respectfully submitted,

Janice Carrington
500 Freedom View Lane
P.O. Box 358
Valley Forge, PA 19481
Plaintiff Pro Se

VERIFICATION

STATE OF PENNSYLVANIA )
                       ) ss:
COUNTY OF CHESTER      )

JANICE CARRINGTON, being duly sworn, says:

That I am the Plaintiff in the above-titled proceeding. I declare that I have read the forgoing "VERIFIED COMPLANT FOR:

1. LEGAL MALPRACTICE;
2. BREACH OF CONTRACT;
3. UNJUST ENRICHMENT;
4. VIOLATIONS OF §487 OF NEW YORK JUDICIARY LAW;
5. BREACH OF FIDUCIARY DUTY;
6. FRAUD;
7. FRAUDULENT CONCEALMENT;
8. INTENTIONAL INFLICTION OF MENTAL DISTRESS; AND
9. NEGLIGENT INFLICTION OF MENTAL DISTRESS."

and that the facts stated in it are true, except as to matters therein stated to be alleged on information and belief and as to those matters, I believe them to be true.

Janice Carrington
Plaintiff pro se

Notary Public

Commonwealth of Pennsylvania - Notary Seal
CHRISTOPHER TAYLOR - Notary Public
Montgomery County
My Commission Expires July 6, 2026
Commission Number 1422440